O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RAMON CARDENAS RIVERA, | ) | Case No. CV 10-3138 RNB |
| Plaintiff, | ) | |
| vs. | ) | ORDER AFFIRMING DECISION OF COMMISSIONER |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | |
| Defendant. | ) | |

The Court now rules as follows with respect to the one disputed issue listed in the Joint Stipulation.[1]

Preliminarily, the Court notes that, although plaintiff framed the sole disputed issue as whether the Administrative Law Judge ("ALJ") properly assessed his Residual Functional Capacity ("RFC") (see Jt Stip at 4), what plaintiff really is

---

[1] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the administrative record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1

1  contending is that, based on the RFC questionnaire form from one of plaintiff's
2  treating doctors that plaintiff submitted to the Appeals Council after the ALJ had
3  issued his decision, "the Appeals Council abused its discretion in failing to remand
4  for a change in the weight of the evidence" (see Jt Stip at 5).  The Court disagrees.

5        The Appeals Council has an obligation to provide "specific and legitimate
6  reasons" for rejecting the medical opinion of a treating or examining physician only
7  when it reviews or is required to review the case.  See Ramirez v. Shalala, 8 F.3d
8  1449, 1451-54 (9th Cir.1993) (requiring the Appeals Council to provide specific and
9  legitimate reasons only after recognizing that the Appeals Council considered the case
10 on the merits).  In this case, the Appeals Council declined to grant plaintiff's request
11 for review.  (See AR 1.)

12       The Commissioner's regulations provide:
13         "If new and material evidence is submitted, the Appeals Council
14         shall consider the additional evidence only where it relates to the period
15         on or before the date of the administrative law judge hearing decision.
16         The Appeals Council shall evaluate the entire record including the new
17         and material evidence submitted if it relates to the period on or before the
18         date of the administrative law judge hearing decision.  It will then review
19         the case if it finds that the administrative law judge's action, findings, or
20         conclusion is contrary to the weight of the evidence currently of record."
21 20 C.F.R. §§ 404.970(b), 416.1470(b).
22

23       Accordingly, where the claimant is seeking review based on evidence not
24 presented to the ALJ, the Appeals Council must only provide such review when the
25 submitted evidence: (1) is new, (2) is material, and (3) relates to the period on or
26 before the date of the ALJ hearing decision.  See Ramirez, 8 F.3d at 1452 (relying on
27 20 C.F.R. § 404.970(b)).
28       Here, the RFC questionnaire form from Dr. Jeng dated March 13, 2009 (see AR

361-62) was "new" and did purport to relate to the period in question. However, the questions remains whether it was "material."

Evidence is material only where it creates a reasonable possibility that the outcome of the case would change. See Booz v. Sec'y of Health & Human Servs., 734 F.2d 1378, 1380-81 (9th Cir.1984). The RFC questionnaire form from Dr. Jeng was prepared after the ALJ's decision, and therefore is less persuasive than the contemporaneous medical evidence of record from plaintiff's treating physicians, none of whom had opined that plaintiff was temporarily or permanently disabled.[2] See Macri v. Chater, 93 F.3d 540, 544 (9th Cir. 1996); Weetman v. Sullivan, 877 F.2d 20, 23 (9th Cir. 1989). Moreover, the RFC questionnaire form from Dr. Jeng is a check-off form that provides no indication as to how the conclusions relate to any examination by Dr. Jeng of plaintiff. The law is well established in this Circuit that the Commissioner need not accept a treating physician's opinion that is brief, conclusory, and inadequately supported by clinical findings. See, e.g., Batson v. Commissioner of Social Security Administration, 359 F.3d 1190, 1195 (9th Cir. 2004); Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir.1989); see also Crane v. Shalala, 76 F.3d 251, 253 (9th Cir. 1996) (holding that an ALJ may reject check-off forms that do not contain an explanation of the bases for their conclusions). Finally, the RFC questionnaire form from Dr. Jeng was wholly inconsistent with plaintiff's administrative hearing testimony regarding his daily activities. For example, plaintiff testified at the October 8, 2008 hearing that he was hardly ever at home, and spent up to four hours walking each day. (See AR 45.) Yet, without any indication in the medical record that plaintiff's condition had significantly worsened in the five-month period between

---

[2] Indeed, as the Commissioner points out, Dr. Jeng's opinion to the effect that plaintiff was incapable of performing any work was seeming inconsistent with the earlier opinion (which appears to the Court to also have been signed by Dr. Jeng) that plaintiff's condition did not render him unable to work. (See AR 212.)

1  October 8, 2008 and March 13, 2009, Dr. Jeng opined that plaintiff was only capable
2  of walking for 1/2 hour or less at a time and only capable of walking one hour during
3  an entire 8-hour day. (See AR 361.) Plaintiff also testified that he was capable of
4  performing housecleaning and cooking, and shopping at the food market. (See AR
5  43.) Yet, Dr. Jeng's opined that plaintiff was incapable of using either hand for
6  simple grasping, or pushing and pulling. (See AR 361.)

7  For the foregoing reasons, the Court finds that the RFC questionnaire form from
8  Dr. Jeng was not material. See Bates v. Sullivan, 894 F.2d 1059, 1064 (9th Cir. 1990)
9  (sustaining the Appeals Council's denial of review where new evidence was "not
10 consistent" with the record), overruled on other grounds, Bunnell v. Sullivan, 947
11 F.2d 341, 342 (9th Cir. 1991) (en banc).

*******************

13 IT THEREFORE IS ORDERED that Judgment be entered affirming the
14 decision of the Commissioner and dismissing this action with prejudice.

16 DATED: January 20, 2011

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE